

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

June 22, 2000

The Honorable Ron Lewis
Chair, Energy Resources Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0233

Re: Whether a governmental body may meet in executive session to discuss a proposed contract (RQ-0168-JC)

Dear Representative Lewis:

You ask whether a governmental body may meet with its attorney in executive session to discuss a contract that it proposes to enter. Section 551.071 of the Government Code permits a governmental body to consult with its attorney in executive session to receive advice on the legal issues raised by a proposed contract, but it does not authorize discussion of other matters related to the contract. *See* TEX. GOV'T CODE ANN. § 551.071 (Vernon 1994).

Your question relates to an executive session held by the Commissioners of the Port of Beaumont Navigation District of Jefferson County ["the Port"], a governmental body established pursuant to article XVI, section 59 of the Texas Constitution and governed by a board of Port Commissioners. *See* Act of May 4, 1949, 51st Leg., R.S., ch. 147, §§ 1, 6, 1949 Tex. Gen. Laws 270, 272, 275. As a district organized under article XVI, section 59 of the Texas Constitution, it is subject to the provisions of Water Code, chapter 60. *See* TEX. WATER CODE ANN. § 60.001 (Vernon 1988); *see also* Tex. Att'y Gen. LO-97-031.[1] In 1999, the Port requested proposals from stevedoring companies for a contract for loading and unloading services. *See* Brief from Guy N. Goodson, Attorney at Law, Bernsen, Goodson, Mann & Rothman, on behalf of the Port of Beaumont Navigation District of Jefferson County, to Honorable John Cornyn, Attorney General of Texas (Mar. 1, 2000) [hereinafter "Port Brief"]. The Port of Beaumont Commission gave notice of a meeting to be held on August 23, 1999, to consider and act upon various items, including the following:

> 9. Executive session in accordance with Texas Government Code,
> Chapter 551, Subchapter D, (551.071), which provides that the

---

[1]This office concluded in Letter Opinion 97-031 that the Port of Beaumont Navigation District must competitively bid a contract for the loading and unloading of cargo. *See* Tex. Att'y Gen. LO-97-031, at 3. The Port does not concur with the letter opinion but argues that the loading and unloading services must comply with competitive bidding requirements or proposal procedures, and therefore it sought proposals pursuant to section 60.405 of the Water Code instead of competitive bids under section 60.404. *See* Port Brief at 4. Whether the contract was entered under the appropriate provisions, or, if not, the consequences of such action is not germane to your question, and we do not address these issues.

> public may be excluded from the portion of a meeting to consult with attorney on Loading and Unloading Contract.

> 10. Consider bids received and award contract for port's Loading and Unloading Contract.

*See* Port Brief enclosures ("Notice of Meeting" dated Aug. 17, 1999).

During the August 23 meeting, the Port Commission adjourned to executive session to evaluate four proposals for loading and unloading services. *See* Port Brief at 1; *see also* Letter from Honorable Ron Lewis, Texas State Representative, to Honorable John Cornyn, Texas Attorney General, at 1 (Dec. 13, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. After the closed session ended, the commissioners returned to open session and unanimously approved one of the proposals for the contract, without discussion in the open session. *See* Request Letter at 1. You ask whether the Open Meetings Act permits the Port Commission to meet with its attorney in executive session to discuss proposals for a contract. *See id.*

The Port Commission and an interested party give different descriptions of the discussion during the executive session. *See* Port Brief at 7-8; *see also* Request Letter enclosure (Letter from Joseph R. Larsen, Attorney at Law, on behalf of the *Beaumont Enterprise*, to Mr. Tom Rugg, First Assistant District Attorney of Jefferson County (Sept. 27, 1999)). We cannot determine in an attorney general opinion what was discussed during a closed meeting, but we can discuss the legal issues raised by this matter. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0152 (1999) at 12-13, JC-0032 (1999) at 4; DM-95 (1992) at 1.

The Open Meetings Act (the "Act"), chapter 551 of the Government Code, provides that meetings of governmental bodies must be open to the public, except for expressly authorized executive sessions. *See* TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994). Among the provisions expressly authorizing an executive session is section 551.071 of the Government Code, which provides as follows:

> A governmental body may not conduct a private consultation with its attorney except:

> (1) when the governmental body seeks the advice of its attorney about:

> (A) pending or contemplated litigation; or

> (B) a settlement offer; or

> (2) on a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of

> Professional Conduct of the State Bar of Texas clearly conflicts with
> this chapter.

TEX. GOV'T CODE ANN. § 551.071 (Vernon 1994).

Section 551.071 allows a governmental body to meet in executive session with its attorney when it seeks the attorney's advice with respect to pending or contemplated litigation or settlement offers. *See Lone Star Greyhound Park, Inc. v. Texas Racing Comm'n*, 863 S.W.2d 742, 748 (Tex. App.–Austin 1993, writ denied). In addition, subsection 551.071(2) of the Government Code permits a governmental body to consult in executive session with its attorney "on a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas *clearly conflicts* with this chapter." TEX. GOV'T CODE ANN. § 551.071(2) (Vernon 1994) (emphasis added). This provision incorporates the attorney-client privilege, an attorney's duty to preserve the confidences of a client. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9); *see also* Tex. Att'y Gen. Op. Nos. JM-238 (1984); JM-100 (1983); M-1261 (1972).

In Attorney General Opinion JM-100 (1983), this office construed the predecessor of Government Code section 551.071, at that time codified as section 2(e) of article 6252-17 of the Revised Civil Statutes. *See* Act of May 4, 1993, 73rd Leg., R.S., ch. 268, §§ 1, 46, 1993 Tex. Gen. Laws 583, 589, 986 (repealing numerous statutes and adopting titles 5, 6, and 10 of the Government Code). Attorney General Opinion JM-100 concluded that the predecessor of Government Code section 551.071 incorporated the attorney-client privilege, stating as follows:

> The crux of these requirements for purposes of section 2(e) [(now Government Code section 551.071)] is that the communication must be related to an opinion on law or legal services or assistance in some legal proceeding. Thus, a governmental body may hold an executive session to seek or receive the advice of its attorney only with regard to matters in which it seeks the attorney's <u>legal</u> advice or with regard to matters which relate to a specific pending or contemplated legal proceeding. If the discussion does not relate to a specific legal proceeding, the closed door discussion with the attorney must be limited to legal matters. *General discussion of policy, unrelated to legal matters, is not permitted under the language of section 2(e) merely because an attorney is present.*

Tex. Att'y Gen. Op. No. JM-100 (1983) at 2 (emphasis added). According to this opinion, a governmental body may consult with its attorney in executive session to discuss the legal issues raised in connection with awarding a contract, but it may not discuss the merits of a proposed contract, financial considerations, or other nonlegal matters in an executive session held under section 551.071 of the Government Code. *See Finlan v. City of Dallas*, 888 F. Supp. 779, 782 n. 9 (N.D. Tex. 1995) (citing Tex. Att'y Gen. Op. No. JM-100 (1983)).

The Port argues that rules 1.03, 1.05, and 2.01 of the Disciplinary Rules of Professional Conduct together provide "clear authority for the provision of the legal right of an attorney to private consultation with his client [(here the entire Port Commission)] in a negotiated contract." Port Brief at 8. It continues that "to do otherwise would force an attorney to conflict with Rule 2.02 by attempting to negotiate an arm's length contract on behalf of his client by disclosing information to third parties." *Id.* Thus, the Port suggests that section 551.071(2) permits a governmental body to discuss nonlegal matters with its attorney in executive session, if the attorney is negotiating a contract on the body's behalf. We disagree with this expansive reading of section 551.071(2).

Rule 1.03 requires a lawyer to keep a client reasonably informed about the status of a matter and to "promptly comply with reasonable requests for information." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). Rule 1.05, as already noted, sets out an attorney's duty to preserve the confidences of a client. *See id.* 1.05. Rule 2.01 requires a lawyer to "exercise independent professional judgment and render candid advice" in advising a client. *Id.* 2.01. Rule 2.02 provides as follows:

> A lawyer shall not undertake an evaluation of a matter affecting a client for the use of someone other than the client unless:
>
> (a) the lawyer reasonably believes that making the evaluation is compatible with other aspects of the lawyer's relationship with the client; and
>
> (b) the client consents after consultation.

*Id.* 2.02. The Port brief also cites the following comment to rule 2.02:

> Lawyers for the government may be called upon to serve as advisors or as evaluators. A lawyer for the government serves as advisor when the lawyer is an advocate for a government agency or is a counselor for a government agency. When serving as an advisor the rule of confidentiality of information applies.

*Id.* 2.02 cmt. 2; *see also* Port Brief at 8.

The Port does not explain how Rules 1.03, 1.05, 2.01, and 2.02 require the attorney for a governmental body to advise it in confidence about the financial advantages of a proposed contract, a strategy for negotiating it, or any issue other than the legal questions raised by the contract. Nor are we are aware of any basis for this conclusion. Furthermore, we reject the expansive interpretation of the exception urged by the Port. The exceptions in the Act are narrowly drawn.

*See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990); *Cox Enterprises v. Board of Trustees*, 706 S.W.2d 956, 958 (Tex. 1986). Attorney General Opinion JM-100 has concluded that the executive session discussion authorized by section 551.071(2) is limited to strictly legal matters, and the courts of other states have reached similar conclusions in construing the "attorney client" provision of their public meetings statute. *See* Tex. Att'y Gen. Op. No. JM-100 (1983) at 2; *see also City of Prescott v. Town of Chino Valley*, 803 P.2d 891, 896 (Ariz. 1990) ("legal advice" encompasses advice given the public body "regarding the legal ramifications of the facts and information given to him and the legality of the proposed legislation," but does not include discussion of merits of enacting the legislation); *Fisher v. Maricopa County Stadium Dist.*, 912 P.2d 1345, 1353 (Ariz. App. 1995) (executive session to receive "legal advice" from attorney may not include discussion of what action to take based on attorney's advice); *Underwood v. City of Presque Isle*, 715 A.2d 148 (Me. 1998) (zoning board could hold executive session with attorney to discuss its legal rights and duties as to imposing conditions of permit, but could not deliberate on the merits of the application); *People v. Whitney*, 578 N.W.2d 329, 337 (Mich. App. 1998) (discussion of written legal opinion at closed meeting is limited to the meaning of strictly legal advice presented in opinion and does not authorize discussion of matters of public policy).

It is the governmental body that must comply with the Open Meetings Act in carrying out its responsibility to decide whether to enter into a particular contract. If it wishes to involve its attorneys, employees, or other agents in its deliberations leading toward this decision, it must do so consistently with the Act.

## S U M M A R Y

Section 551.071(2) of the Government Code incorporates the attorney-client privilege. Under section 551.071(2), a governmental body may consult with its attorney in executive session to receive advice on the legal issues raised by a proposed contract, but under this provision the governmental body may not discuss the merits of a proposed contract, financial considerations, or other nonlegal matters related to the contract merely because its attorney is present.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Assistant Attorney General - Opinion Committee
Susan L. Garrison