Charles M. ACKER Petitioner,

v.

TEXAS WATER
COMMISSION Respondent.

No. C–9031.

Supreme Court of Texas.

May 2, 1990.

Rehearing Overruled June 13, 1990.

J. Bruce Bennett, Jeffery L. Hart, Austin, for petitioner.

Linda B. Secord, Austin, for respondent.

OPINION

DOGGETT, Justice.

The vital issue in this case is whether the decisionmaking of a state agency in a contested administrative case should be done openly or secretly. We believe the law requires openness.

Charles M. Acker received a favorable recommendation from the hearings examiner at the Texas Water Commission on a requested permit for a wastewater treatment plant. Thereafter, during a recess of a public hearing conducted by the three member Commission, Commissioners Hopkins and Roming were allegedly overheard conversing about this application in a restroom. This purported discussion concerned Acker's costs in complying with a city subdivision ordinance. When the public meeting reconvened, Commissioners Hopkins and Houchins voted to deny the application, and Commissioner Roming voted to grant it. Claiming a violation of the Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252-17 (Vernon Supp.1990), had occurred, Acker brought suit seeking to set aside this order. The trial court granted Acker summary judgment based upon this asserted violation, but was reversed by the court of appeals on grounds that section 17 of the Texas Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252-13a (Vernon Supp.1990) (APTRA), allows private communications between agency members. 774 S.W.2d 270. We affirm the judgment, although not the reasoning, of the court of appeals and remand to the trial court for further proceedings.

■ The Open Meetings Act was enacted in 1967 for the purpose "of assuring that the public has the opportunity to be informed concerning the transactions of public business." Acts 1967, ch. 271, § 7, 1967 Tex.Gen.Laws 597, 598. It recognized the wisdom contained in the words of Justice Brandeis that: "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman." L. Brandeis, *Other People's Money* 92 (1914 ed.). The executive and legislative decisions of our governmental officials as well as the underlying reasoning must be discussed openly before the public rather than secretly behind closed doors. In order to effect this policy, this statute requires that "every regular, special, or called meeting or session of every governmental body shall be open to the public." Tex.Rev.Civ.Stat.Ann. art. 6252-17, § 2(a) (Vernon Supp.1990).[1] A "meeting" includes any deliberation involving a "quorum" or majority of the members of a governing body at which they act on or discuss any public business or policy over which they have control. *Id.* at §§ 1(a) and (d). Any verbal exchange between a majority of the members concerning any issue within their jurisdiction constitutes a "deliberation." *Id.* at § 1(b). When a majority of a public decisionmaking body is considering a pending issue, there can be no "informal" discussion. There is either formal consideration of a matter in compliance with the Open Meetings Act or an illegal meeting. We have previously noted that there is a broad scope to the coverage of the Open Meetings Act and a narrowness to its few exceptions. *Cox Enterprises, Inc. v. Board of Trustees*, 706 S.W.2d 956, 958 (Tex.1986). Its breadth is consistent with the recommendation of Woodrow Wilson that "Government ought to be all outside and no inside."[2] Our citizens are entitled to more than a result. They are entitled not only to know what government decides but to observe how and why every decision is reached. The explicit command of the statute is for openness at every stage of the deliberations. Accordingly, we have demanded exact and literal compliance with the terms of this statute. *Smith County v. Thornton*, 726 S.W.2d 2, 3 (Tex.1986).

---

1. Recently the Texas Water Commission adopted a rule subjecting all of its meetings to the Open Meetings Law. Tex.Water Comm'n, 13 Tex.Reg. 276 (1988), *adopted* 13 Tex.Reg. 3579 (1988) (codified at 31 Tex.Admin.Code § 261.4). See also Securities Board rule 7 Tex.Admin. Code. § 105.1 (Hart Nov. 1, 1986) (all hearings in contested cases to be held in accordance with the Open Meetings Act).

2. Woodrow Wilson, *The New Freedom* 76 (1961). "Light is the only thing that can sweeten our political atmosphere—light thrown upon every detail of administration in the departments; light diffused through every passage of policy; light blazed full upon every feature of legislation; light that can penetrate every recess or corner in which any intrigue might hide; light that will open to view the innermost chambers of government...." Woodrow Wilson, "Committee or Cabinet Government?" *Overland Monthly*, January 1884, in II *The Papers of Woodrow Wilson* 629 (A.S. Link ed. 1967).

Rather than applying it literally, the court of appeals created a gaping hole in the Open Meetings Act through the meaning accorded to the subsequent enactment of section 17 of APTRA. That court held that APTRA authorizes a quorum of a state commission without any prior notice to meet and deliberate privately about any aspect of a pending contested proceeding. This holding effectively eviscerates the Open Meetings Act for application to the executive branch of our government. In administrative review of contested issues from a to z—from alcoholic beverages to zoos, secrecy would suddenly be authorized.

■ This serious circumvention of open government is not warranted under the rules of statutory construction. A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it. *McBride v. Clayton*, 140 Tex. 71, 76, 166 S.W.2d 125, 128 (Tex.Comm'n App.1942, opinion adopted). APTRA was enacted in 1975 to "afford minimum standards of uniform practice and procedure for state agencies." Acts 1975, ch. 61, § 1, 1975 Tex. Gen.Laws 136. A subsequent amendment to section 17 of APTRA provided that "[a]n agency member may communicate ex parte with other members of the agency." Acts 1977, ch. 780, § 1, 1977 Tex.Gen.Laws 1959, 1960. Without attempting to recon-

cile the Open Meetings Act with this provision, the court of appeals considered the latter impliedly to have repealed the former for purposes of all administrative agency consideration of contested cases. Such statutory repeals by implication are not favored. *Gordon v. Lake*, 163 Tex. 392, 394, 356 S.W.2d 138, 139 (1962). A legislative enactment covering a subject dealt with by an older law, but not repealing that law, should be harmonized whenever possible with its predecessor in such a manner as to give effect to both. *Standard v. Sadler*, 383 S.W.2d 391, 395 (Tex.1964); *Conley v. Daughters of the Republic*, 106 Tex. 80, 92, 156 S.W. 197, 201 (1913). Accordingly, section 17 of APTRA can be harmonized with the Open Meetings Act by allowing a state commission's members to confer *ex parte*, but only when less than a quorum is present.[3] Such coordinating preserves both APTRA and the objective of the Open Meetings Act to forbid *ex parte* deliberations between a majority of governmental decisionmakers.[4]

■ Since the two statutes in question can be harmonized in a manner not compelling implicit revocation of the Open Meetings Act, we now consider whether the Commission violated the Act as a matter of law. In the review of a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment

---

3. This harmonizing admittedly denies to three member commissions the opportunity to meet *ex parte*, since any meeting of more than one commissioner obviously constitutes a quorum. APTRA, however, applies to all statewide boards, commissions, departments or officers, regardless of size, that make rules or determine contested cases, except those wholly financed by federal funds, the legislature, the courts, the Industrial Accident Board, and institutions of higher education. Article 6252–13a, § 3(1). Hence, our approach to interpreting APTRA and the Open Meetings Act together accords meaning to both.

4. Recent legislative action supports this construction. Under the court of appeals' reasoning, the legislature by enacting APTRA intended for the three member State Board of Insurance to be exempt from the requirements of the Open Meetings Act when considering contested cases. Nevertheless, in 1985, the legislature considered

it necessary to enact Insurance Code Article 1.05(c), providing:

Notwithstanding any other provision of law, members of the State Board of Insurance may meet in closed session to deliberate and determine any matter respecting an appeal from an order of the Commissioner of Insurance in a contested case: provided, however, all evidence on which such decision is made must be presented to the board in accordance with the open meetings law, Chapter 271, Acts of the 60th Legislature, Regular Session, 1967 (Article 6252–17, Vernon's Texas Civil Statutes), and the Administrative Procedure and Texas Register Act (Article 6252–13a, Vernon's Texas Civil Statutes).

Acts 1985, ch. 834, § 3, 1985 Tex.Gen.Laws 2899, 2900 (codified at Tex.Ins.Code Ann. art. 1.05(c) (Vernon Supp.1990)). The legislature is certainly capable of making such express exceptions to the Open Meetings Act but has not done so through APTRA.

as a matter of law. Evidence favorable to the non-movant will be taken as true when deciding whether a material fact issue exists. All reasonable inferences must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

 The trial court's finding of an improper, closed meeting by two of the three members of the Commission is supported by the affidavit of Andrew M. Taylor who overheard the Roming/Hopkins conversation. As one of Acker's attorneys in the proceedings before the Commission, Taylor was an interested witness. *See Audiomedia Inc. v. Rollins Outdoor Advertising, Inc.*, 477 S.W.2d 370, 373 n. 4 (Tex.Civ.App. —San Antonio 1972, writ ref'd n.r.e.). His relationship with Acker, however, is not enough to defeat the motion. *See Ellis v. Mortgage and Trust, Inc.*, 751 S.W.2d 721, 724 (Tex.App.—Ft. Worth 1988, no writ). "A summary judgment may be granted based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.P. 166a(c). Both Commissioners Roming and Hopkins testified by affidavit that they had no recollection of any conversation outside the hearing, and that considering their past behavior and habit at the Texas Water Commission, the occurrence of such a conversation was highly unlikely. The habit or custom of a person doing a particular act is relevant in determining his conduct on the occasion in question. Tex.R.Civ. Evid. 406. *See also George Linskie Co. v. Miller–Picking Corp.*, 463 S.W.2d 170, 173 (Tex.1971); *Cooper v. Hall*, 489 S.W.2d 409, 415 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.); *Allstate Ins. Co. v. Smith*, 471 S.W.2d 620, 625 (Tex.Civ.App.—El Paso 1971, no writ).[5] These affidavits are sufficient to controvert the summary judg-

ment evidence of Taylor, thereby raising a fact question and defeating Acker's motion.

 We hold that a meeting between a majority of the Commissioners to discuss among themselves contested issues outside a public hearing violates section 2 of the Open Meetings Act. We further hold that in this case the Commissioners' affidavits raised a material fact issue precluding summary judgment. We affirm the judgment, although not the reasoning, of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

---

5. Recently, a summary judgment affiant's testimony about industry custom was held to raise fact issues regarding industry custom and whether non-compliance therewith constituted negligence. *Knopf v. Dallas–Fort Worth Roofing Supply Company, Inc.*, 786 S.W.2d 37 No. 05–89–00750–CV (Tex.App.—Dallas 1990, no writ).