OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

December 20, 2001

The Honorable Charles D. Penick
Bastrop County Criminal District Attorney
804 Pecan Street
Bastrop, Texas 78602

Opinion No. JC-0443

Re: Whether a county that contracts with an attorney for the collection of delinquent taxes may accept a gift from that attorney (RQ-0410-JC)

Dear Mr. Penick:

You ask whether an attorney that contracts with a county to collect delinquent taxes may donate personnel, equipment, or dollars back to the county to enhance the county's collection of delinquent taxes.[1] When a county contracts with an attorney to collect delinquent taxes pursuant to section 6.30 of the Tax Code, section 33.07 authorizes the county to impose an additional penalty on the delinquent taxes to provide compensation for the contract attorney. An attorney who is compensated under section 33.07 of the Tax Code may not make a donation to the county if the donation in effect refunds part of the compensation to the county. Whether a particular donation is a refund of the attorney's compensation under section 33.07 is a fact question that cannot be resolved in an attorney general opinion.

A county may contract with a private attorney to represent it in collecting delinquent taxes. *See* TEX. TAX CODE ANN. § 6.30(c) (Vernon 1992) (authority for "taxing unit" to contract for collection of delinquent taxes); *see also id.* § 1.04(12) (Vernon Supp. 2001) ("taxing unit" defined to include "county"). The attorney's compensation is set in the contract, but the total amount of compensation provided may not exceed twenty percent of the amount of delinquent tax, penalty, and interest collected. *Id.* § 6.30(c) (Vernon 1992). Section 33.07 of the Tax Code authorizes the taxing unit to provide that the delinquent taxes incur an additional penalty "to defray costs of collection, if the unit . . . has contracted with an attorney pursuant to Section 6.30" of the code. *Id.* § 33.07(a) (Vernon Supp. 2001). "The amount of the penalty may not exceed the amount of the *compensation specified in the contract with the attorney to be paid in connection with the collection of the delinquent taxes.*" *Id.*, *as amended by* Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 14, 2001 Tex. Sess. Law Serv. 4819, 4823 (added language in italics). If a penalty is imposed pursuant to section 33.07, "a taxing unit may not recover attorney's fees in a suit to collect delinquent taxes subject to the penalty." *Id.* § 33.07(c). Section 33.48 of the Tax Code provides for recovery of "attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due

---

[1]Letter from Charles D. Penick, Bastrop County Criminal District Attorney, to Opinions Division (July 31, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

the unit," *see id.* § 33.48(a)(5), but a taxing unit may collect attorney's compensation under only one of the two provisions. *See City of Houston v. First City*, 827 S.W.2d 462, 474 (Tex. App.–Houston [1st Dist.] 1992, writ denied).

Until it was amended by the Seventy-seventh Legislature, Tax Code section 33.07 provided that the additional penalty "may not exceed 15 percent of the amount of taxes, penalty, and interest due." *See* TEX. TAX CODE ANN. § 33.07 (Vernon Supp. 2001). A prior opinion of this office determined that the full amount of the penalty collected under section 33.07 must be used to compensate the attorney with whom the taxing unit had contracted. *See* Tex. Att'y Gen. Op. No. JM-857 (1988) at 7. It concluded that the county had no authority to allocate only part of the section 33.07 penalty to the attorney's compensation and keep the rest to pay its own costs of collecting delinquent taxes. *See id.* at 2-3, 7. Section 33.07 of the Tax Code now expressly ties the penalty to the attorney's compensation, stating that the "amount of the penalty may not exceed the amount of *the compensation specified in the contract with the attorney.*" *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 14, 2001 Tex. Sess. Law Serv. 4819, 4823 (added language in italics). This language confirms the conclusion of Attorney General Opinion JM-857 that the entire penalty was to be paid as compensation to the contract attorney.

You suggest, however, that an attorney who is compensated pursuant to section 33.07 of the Tax Code may give the county money to use for collecting delinquent taxes and that section 81.032 of the Local Government Code authorizes the county to accept the gift. This payment is characterized as a "gift" or "donation" in the request letter, but it could also be characterized as a rebate from the attorney's compensation. *See* XIII OXFORD ENGLISH DICTIONARY 297 (2d ed. 1989) ("rebate" defined as "[a] deduction from a sum of money to be paid, a discount").

Section 81.032 provides that "[t]he commissioners court may accept a gift, grant, donation, bequest, or devise of money or other property on behalf of the county for the purpose of performing a function conferred by law on the county or a county officer." TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2001). Absent such express legislative authority, counties could not accept gifts of money or other personal property to use for county purposes. *See* Tex. Att'y Gen. LO's 97-032 (county may not accept gifts of videotapes, books, or cash on behalf of alternative dispute center); 88-106 (county may not collect funds and disburse them to local law enforcement agencies to combat drug abuse in county). *But see* TEX. LOC. GOV'T CODE ANN. § 270.001 (Vernon 1999); TEX. TRANSP. CODE ANN. § 252.214 (Vernon 1999); *Bell County v. Alexander*, 22 Tex. 351 (1858) (authority of county to accept donation of land). The question to be addressed is whether the enactment of Local Government Code section 81.032 changes the analysis of Tax Code section 33.07 stated in Attorney General Opinion JM-857.

Section 81.032 of the Local Government Code must be construed in harmony with other statutes. *See generally Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990); *Standard v. Sadler*, 383 S.W.2d 391, 395 (Tex. 1964). Section 81.032 does not authorize the commissioners court to accept a donation for purposes inconsistent with the constitution or laws. *See* Tex. Att'y Gen. Op. No. JC-0073 (1999) at 2-3 (commissioners court authorized by statute to

accept donation of land for road-building subject to reasonable conditions, but court may not accept a condition that is contrary to the constitution or statutes); *see also* 10 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS: *Corporate Property, Gifts and bequests* § 28.16, at 47 (3d ed. 1999) (illegal condition attached to gift to municipality may vitiate the gift). An attorney who contracts with a county to collect delinquent taxes for compensation derived from the section 33.07 penalty may not donate any of the section 33.07 compensation to the county, whether the donation is to enhance the collection of delinquent taxes or for another county purpose. The purpose of the penalty authorized by section 33.07 of the Tax Code is to compensate the attorney and not to pay other county expenses.

A brief submitted in connection with this request states that a number of firms and taxing units "have negotiated contracts in which the firm either directly pays or reimburses a taxing unit for specific types of 'costs of collections,'"[2] in reliance on language in Attorney General Opinion JM-857. This opinion, after pointing out that nothing required the taxing unit to impose the full fifteen percent penalty, stated that "[i]n drafting the contract, the taxing unit has the opportunity to include specific terms on the 'costs of collection' which the attorney will absorb." Tex. Att'y Gen. Op. No. JM-857 (1988) at 7.

The sentence from Attorney General Opinion JM-857 must be read in the context of the entire opinion, which emphasizes that the penalty imposed under section 33.07 may not be spent to defray the taxing unit's costs of collection. *Id.* This places a significant limit on the power of the county to contract regarding costs of collection. Moreover, the Tax Code expressly allocates certain costs, and these may not be reallocated by contract. Section 33.48 authorizes the taxing unit to recover usual court costs, including service of process, filing notice of lis pendens against property, foreclosure sale, and other reasonable expenses incurred by the taxing unit to determine the name, identity, and location of parties and to secure legal descriptions of the property, as well as reasonable court-approved attorney ad litem fees. *See* TEX. TAX CODE ANN. § 33.48 (Vernon Supp. 2001), *as amended by* Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 23, 2001 Tex. Sess. Law Serv. 4819, 4826; *see also* TEX. TAX CODE ANN. § 33.07(c) (Vernon 2001) (if penalty is imposed pursuant to section 33.07, taxing unit may not recover attorney fees in suit to collect delinquent taxes subject to penalty). Subsection 33.49(a) of the Tax Code provides that a taxing unit is not "liable in a suit to collect taxes for court costs, including any fees for service of process, *an attorney ad litem*, arbitration, or mediation, and may not be required to post security for costs," except that a "taxing unit shall pay the cost of publishing citations, notices of sale, or other notices from the unit's general fund." TEX. TAX CODE ANN. § 33.49(a), *as amended by* Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 24, 2001 Tex. Sess. Law Serv. 4819, 4826; *id.* § 33.49(b). Accordingly, the quoted language from Attorney General Opinion JM-837 is limited by the holding of that opinion and by Tax Code provisions.

---

[2]Brief from R. Bruce Medley, Perdue, Brandon, Fielder, Collins & Mott, L.L.P., to Opinion Committee, Office of the Attorney General of Texas (Sept. 10, 2001) (on file with Opinion Committee) [hereinafter Brief].

In conclusion, we point out that we cannot determine whether a particular donation to the county constitutes an allocation of the section 33.07 penalty to the county. This determination raises questions of fact, which cannot be resolved in an attorney general opinion. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0328 (2000) at 6; JC-0152 (1999) at 12; JC-0020 at 2; DM-98 (1992) at 3; H-56 (1973) at 3; M-187 (1968) at 3; O-2911 (1940) at 2. If, however, a county tax-collection contract provides for a "donation" to the county by the attorney, we believe this provision would certainly raise the issue that the contract impermissibly allocates some of the article 33.07 penalty to the county.

## S U M M A R Y

When a county contracts with an attorney to collect delinquent taxes pursuant to section 6.30 of the Tax Code, section 33.07 authorizes the county to impose an additional penalty on the delinquent taxes to provide compensation for the contract attorney. The additional penalty authorized by section 33.07 of the Tax Code is solely for the purpose of providing compensation to the contract attorney, and the attorney may not make a donation to the county that in effect refunds part of his or her compensation to the county. Whether a particular donation is a refund of the attorney's compensation under section 33.07 is a fact question.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee