OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 7, 2002

Mr. Felipe T. Alanis
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. JC-0538

Re: Whether a parent has an unrestricted right of access to the school counseling records of his or her minor child   (RQ-0506-JC)

Dear Mr. Alanis:

Your predecessor in office requested our opinion as to whether a parent has an unrestricted right of access to the school counseling records of his or her minor child. The question arises because of an apparent conflict between section 26.004 of the Education Code, which grants to a parent access "to all written records of a school district concerning the parent's child," and section 611.0045 of the Health and Safety Code, which authorizes a mental health professional, under certain circumstances, to deny access to a patient's record "if the professional determines that release . . . would be harmful to the patient's physical, mental, or emotional health." In addition, federal law generally grants to a parent a right of access to all "education records" concerning his or her child. We conclude that only under very narrow and unusual circumstances may such records be withheld from the parent.

Section 26.004 of the Education Code provides, in relevant part:

> A parent is entitled to access to all written records of a school
> district concerning the parent's child, including:
>
> . . . .
>
> (5)    counseling records;
>
> (6)    psychological records;
>
> . . . .
>
> (9)    teacher and counselor evaluations; . . . .

TEX. EDUC. CODE ANN. § 26.004 (Vernon 1996). This statute requires that a school district provide access to a child's parent of "all written . . . counseling records." *See also* TEX. FAM. CODE ANN. § 153.073(a)(2) (Vernon 1996) ("Unless limited by court order, a parent appointed as a conservator of a child has at all times the right . . . of access to medical, dental, psychological, and educational records of the child.").

On the other hand, you suggest that section 611.0045 of the Health and Safety Code may, under particular circumstances, permit a school counselor to deny such records to the parent. That statute provides, in relevant part:

> (a) Except as otherwise provided by this section, a patient is entitled to have access to the content of a confidential record made about the patient.
>
> (b) The professional may deny access to any portion of a record if the professional determines that release of that portion would be harmful to the patient's physical, mental, or emotional health.
>
> (c) If the professional denies access to any portion of a record, the professional shall give the patient a signed and dated written statement that having access to the record would be harmful to the patient's physical, mental, or emotional health and shall include a copy of the written statement in the patient's records. The statement must specify the portion of the record to which access is denied, the reason for denial, and the duration of the denial.
>
> . . . .
>
> (e) If a professional denies access to a portion of a confidential record, the professional shall allow examination and copying of the record by another professional if the patient selects the professional to treat the patient for the same or a related condition as the professional denying access.

TEX. HEALTH & SAFETY CODE ANN. § 611.0045 (Vernon Supp. 2002). "Professional" is defined as:

> (A)   a person authorized to practice medicine in any state or nation;
>
> (B)   a person licensed or certified by this state to diagnose, evaluate, or treat any mental or emotional condition or disorder; or
>
> (C)   a person the patient reasonably believes is authorized, licensed, or certified as provided by this subsection.

*Id.* § 611.001(2) (Vernon 1992). The term "patient" means "a person who consults or is interviewed by a professional for diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism or drug addiction." *Id.* § 611.001(1).

Section 611.004 states that "[a] professional may disclose confidential information only . . . to a person who has the written consent of the patient, or a parent if the patient is a minor." *Id.* § 611.004(a)(4) (Vernon Supp. 2002). In *Abrams v. Jones*, 35 S.W.3d 620 (Tex. 2000), the Texas Supreme Court held that, "[b]ecause subsection (b) [of section 611.0045] may limit a patient's rights to his or her own records, subsection (b) can also limit a parent's or third party's right to a patient's records when the third party or parent stands in the patient's stead." *Abrams*, 35 S.W.3d at 626. Furthermore, "[i]f a professional does deny a parent access to part of a child's records, the parent has recourse under section 611.0045(e). . . . First, the professional denying access must allow examination and copying of the record by another professional selected by the parent acting on behalf of the patient to treat the patient for the same or a related condition. Second, a parent denied access to a child's records has judicial recourse." *Id.* (citations omitted) (citing section 611.005(a) which provides that "[a] person aggrieved by the improper disclosure of or failure to disclose confidential communications or records in violation of this chapter may petition the district court of the county in which the person resides for appropriate relief, including injunctive relief"). *See* TEX. HEALTH & SAFETY CODE ANN. § 611.005 (Vernon Supp. 2002). Thus, on the one hand, section 26.004 of the Education Code grants a parent access to all school "counseling records" regarding his or her child. TEX. EDUC. CODE ANN. § 26.004 (Vernon 1996). On the other hand, under section 611.0045 of the Health and Safety Code, a "professional" may deny such access if he or she "determines that release . . . would be harmful to the patient's physical, mental, or emotional health." TEX. HEALTH & SAFETY CODE ANN. § 611.0045 (Vernon Supp. 2002).

Before we attempt to reconcile these statutes, we note that section 611.0045 does not necessarily apply to every individual designated a "school counselor." We must consequently inquire into the nature of that designation.

Chapter 21 of the Education Code creates the State Board for Educator Certification (the "Board"), whose duty it is to "regulate and oversee all aspects of the certification, continuing education, and standards of conduct of public school educators." TEX. EDUC. CODE ANN. § 21.031 (Vernon 1996). The Board is required to "propose rules that," *inter alia*, "specify the classes of educator certificates to be issued, including emergency certificates," and "specify the requirements for the issuance and renewal of an educator certificate." *Id.* § 21.041(b)(2), (4). In addition, "[t]he board shall propose rules establishing the training requirements a person must accomplish to obtain a certificate, enter an internship, or enter an induction-year program," and "shall specify the minimum academic qualifications required for a certificate." *Id.* § 21.044. Rules adopted by the Board must, in general, be approved by the State Board of Education. *Id.* § 21.042.

With regard to school counselors, the Board has adopted specific requirements:

> These specific requirements are applicable in addition to the undergraduate criteria outlined in Subchapter G of this chapter (relating to Certification Requirements for Classroom Teachers).

(1) The guidance program (at least three semester hours). This area provides an understanding of the principles, philosophy, organization, and services of the guidance program.

(2) The pupil served (at least six semester hours). This area is devoted to intensive study that develops an understanding of the physical, intellectual, social, and emotional development of children and youth, and the influences of the school program on development.

(3) Resource areas (at least 21 semester hours).

(A)   The preparation program shall help the prospective counselor achieve a balanced program of teacher education by giving attention to related resource areas. The amount of emphasis given to an area shall depend on the student's undergraduate preparation and experience.

(B)   These advanced level studies are not necessarily represented by a sequence of semester hour courses. They are planned programs to meet the needs of the individual student. They are intended to ensure professional competence.

(C)   Upon completion of the program, the prospective counselor shall have developed skills in guidance techniques that assure an ability to use the instruments of measurement and evaluation necessary for understanding, appraising, and counseling individuals and groups. The student shall be skilled in the use of occupational and educational information and materials appropriate for the guidance of youths. Also, the student shall have developed, through study and supervised practice, an ability to work with groups of youths and adults and to counsel with individuals.

(4) The certificate. The counselor certificate shall require:

(A)   a valid provisional or standard teaching certificate; and

(B)   three creditable years, as defined in Subchapter Y of this Chapter (relating to Definitions), of classroom teaching experience.

19 TEX. ADMIN. CODE § 230.307 (2001). It is significant, however, that these rules do not require an individual designated a "school counselor" to obtain any other professional license issued by the State of Texas.

Chapter 503 of the Occupations Code applies to a "licensed professional counselor," which is defined as "a person who holds a license issued under this chapter" and who:

> (A)   represents the person to the public by any title or description of services incorporating the words "licensed counselor" and offers to provide professional counseling services to any individual, couple, family, group, or other entity for compensation, implying that the person offering the services is licensed and trained, or expert in counseling; or
>
> (B)   *engages in any practice of counseling.*

TEX. OCC. CODE ANN. § 503.002(4) (Vernon 2002) (emphasis added). The "practice of professional counseling" is defined as "the application of mental health, psychotherapeutic, and human development principles to:

> (1) facilitate human development and adjustment through life;
>
> (2) prevent, assess, evaluate, and treat mental, emotional, or behavioral disorders and associated distresses that interfere with mental health;
>
> (3) conduct assessments and evaluations to establish treatment goals and objectives; and
>
> (4) plan, implement, and evaluate treatment plans using counseling treatment interventions that include:
>
>> (A)   counseling;
>>
>> (B)   assessment;
>>
>> (C)   consulting; and
>>
>> (D)   referral.

*Id.* § 503.003(a). Moreover, to qualify for a license under chapter 503 of the Occupations Code, a person must have a master's or doctoral degree in counseling or a related field, complete 36 months or 3,000 hours of supervised experience working in a counseling setting, and meet other

rigorous requirements set forth in section 503.302 of the Occupations Code. *See id.* § 503.302. Although section 503.051 states that "[t]his chapter does not apply to an activity, service, or use of an official title by a person employed as a counselor by a . . . public or private educational institution if the person is performing counseling or counseling-related activities within the scope of the person's employment," section 503.059 declares that "[a] person otherwise exempt under this subchapter who obtains a license under this chapter is subject to this chapter to the same extent as any other person licensed under this chapter." *Id.* §§ 503.051, .059.

It cannot reasonably be argued that a person who is merely certified as a "school counselor" by the State Board for Educator Certification is "a person licensed or certified by this state to diagnose, evaluate, or treat any mental or emotional condition or disorder." If an individual holds both a "school counselor" certification *and* a license as a "professional counselor," he or she may be entitled to claim the benefit of section 611.0045 of the Health and Safety Code. If the person holds *only* a certificate from the Board designating him or her as a "school counselor," the person is not so entitled.

On the other hand, it seems clear that a "licensed professional counselor" fits within the definition of "professional" for purposes of section 611.001 of the Health and Safety Code, as "a person licensed or certified by this state to diagnose, evaluate, or treat any mental or emotional condition or disorder." Thus, if a person licensed as a "professional counselor" in the State of Texas serves as a "school counselor," he or she may be entitled, under section 611.0045, to deny access to the parent of a student's counseling records if he or she "determines that release . . . would be harmful to the [student's] physical, mental, or emotional health."

As to those individuals who are both certified school counselors and licensed "professionals" under chapter 611 of the Health and Safety Code, we must attempt to reconcile section 26.004 of the Education Code, which grants to a parent access to all "written . . . counseling records," with subsection 611.0045(b) of the Health and Safety Code, which permits a "professional," as defined therein, to deny such access. Rules of statutory construction require that statutes be harmonized if there is any reasonable way to do so. *See La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 565 (Tex. 1984); *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). In our view, these two seemingly conflicting statutes may be harmonized by construing section 611.0045 as an exception to section 26.004, in the relatively narrow circumstance in which the school counselor also happens to fall within the definition of "professional" in section 611.001 of the Health and Safety Code. The result is that, under Texas law, a parent has an unrestricted access to all written counseling records regarding his or her child, except when the records are those created by a "professional" as defined in section 611.001.

We must also address the Federal Family Educational and Privacy Rights Act of 1974, often referred to as the Buckley Amendment. That statute provides, in relevant part:

> (a)(1)(A) No funds shall be made available under any applicable program to any educational agency or institution which has a policy of denying, or which effectively prevents, the parents of

> students who are or have been in attendance at a school of such agency or at such institution, as the case may be, the right to inspect and review the education records of their children.

20 U.S.C. § 1232g(a)(1)(A) (1994). "Education records" are defined as "those records, files, documents, and other materials which – (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." *Id.* § 1232g(a)(4)(A). The term does not include, *inter alia*, "(i) records of instructional, supervisory, and administrative personnel and educational personnel ancillary thereto which are in the sole possession of the maker thereof and which are not accessible or revealed to any other person except a substitute." *Id.* § 1232g(a)(4)(B). Regulations adopted under this provision have slightly modified this exception:

> Education records.
>
> . . . .
>
> (b) The term does not include:
>
> (1) Records that are kept in the sole possession of the maker, are used only as a personal memory aid, and are not accessible or revealed to any other person except a temporary substitute for the maker of the record.

34 C.F.R. § 99.3 (2001).

If an educational institution under 20 U.S.C. § 1232g "wishes to continue receiving federal funding, it must permit its students [or parent or guardian if the student is under the age of 18] to inspect and review their education records." Tex. Att'y Gen. ORD-431 (1985) at 2. *See also* Tex. Att'y Gen. Op. No. JM-154 (1984) (private school may lose federal funds if it fails to accord inspection rights under Family Educational and Privacy Rights Act). Thus, to the extent a school district receives federal funding, the Buckley Amendment is paramount in the matter of parental access to education records of a minor child. It is clear that, under federal law, a public school that receives federal funds may withhold counseling records from a parent of a minor student only if those records "are kept in the sole possession of" the counselor, "are used only as a personal memory aid, and are not accessible or revealed to any other person except a temporary substitute" for the counselor. *See* 34 C.F.R. § 99.3 (2001).

We may now summarize our answer to your question. Generally, all student records are available to parents. Because federal law, to the extent a school district receives federal funding, is paramount in the matter of parental access to education records of a minor child, a public school may withhold counseling records from a parent only if the records are kept in the sole possession of the counselor, are used only as the counselor's personal memory aid, and are not accessible or revealed to any other person except a temporary substitute for the counselor. Within this

circumscribed category, state law permits the counselor to withhold the records only if the counselor is a "professional," as defined in section 611.001(2) of the Health and Safety Code, and further, if the counselor "determines that release" of such record "would be harmful to the patient's physical, mental, or emotional health." If the counselor does not fall within the category of licensed professional under section 611.001 of the Health and Safety Code, section 26.004 of the Education Code prevails, and the parent "is entitled to access to all written records" of the school district "concerning the parent's child, including . . . counseling records."

Finally, we note that section 261.101 of the Family Code provides that "[a] person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report as provided by this subchapter." TEX. FAM. CODE ANN. § 261.101(a) (Vernon Supp. 2002). Subsection (b) thereof declares:

> If a professional has cause to believe that a child has been abused or neglected or may be abused or neglected, or that a child is a victim of an offense under Section 21.11, Penal Code, and the professional has cause to believe that the child has been abused as defined by Section 261.001, the professional shall make a report not later than the 48th hour after the hour the professional first suspects that the child has been or may be abused or neglected or is a victim of an offense under Section 21.11, Penal Code. A professional may not delegate to or rely on another person to make the report. . . .

*Id.* § 261.101(b). "Professional" is defined for purposes of subsection (b) as "an individual who is licensed or certified by the state or who is an employee of a facility licensed, certified, or operated by the state and who, in the normal course of official duties or duties for which a license or certification is required, has direct contact with children. The term includes teachers, nurses, doctors, day-care employees, employees of a clinic or health care facility that provides reproductive services, juvenile probation officers, and juvenile detention or correctional officers." *Id.* Furthermore, "[t]he requirement to report" under section 261.101 "applies without exception to an individual whose personal communications may otherwise be privileged, including an attorney, a member of the clergy, a medical practitioner, a social worker, a mental health professional, and an employee of a clinic or health care facility that provides reproductive services." *Id.* § 261.101(c). It is clear that, because any school counselor is necessarily "certified by the state," the requirements of section 261.101 apply to any school counselor.

## S U M M A R Y

Generally, all student records are available to parents. Only under very narrow and unusual circumstances may a minor child's school counseling records be withheld from a parent. Under the Federal Family Educational and Privacy Rights Act, a public school may withhold a minor child's counseling records from a parent only if the records are kept in the sole possession of the counselor, are used only as the counselor's personal memory aid, and are not accessible or revealed to any other person except a temporary substitute for the counselor. Within this circumscribed category, state law permits the counselor to withhold a minor child's records only if the counselor is a "professional," as defined in section 611.001(2) of the Health and Safety Code, and further, if the counselor "determines that release" of such record "would be harmful to the patient's physical, mental, or emotional health." If the counselor does not fall within the category of licensed professional under section 611.001(2) of the Health and Safety Code, section 26.004 of the Education Code prevails, and the parent "is entitled to access to all written records" of the school district "concerning the parent's child, including . . . counseling records."

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee