July 27, 2012

The Honorable Burt R. Solomons
Chair, Committee on Redistricting
Texas House of Representatives
Post Office Box 2910
Austin, Texas   78768-2910

Opinion No.  GA-0957

Re: Application of the Open Meetings Act, chapter 551 of the Government Code, to a coordinated county transportation authority created under chapter 460 of the Transportation Code, and to its committees  (RQ-1042-GA)

Dear Representative Solomons:

You ask several questions about the application of the Open Meetings Act (the "Act") to meetings of various committees of a transportation authority created pursuant to Transportation Code chapter 460.[1] Specifically, you ask about the Denton County Transportation Authority ("DCTA"). While you tell us that the DCTA currently has fourteen board members, Transportation Code section 460.205 provides that "[f]ive members constitute a quorum of the board of directors." TEX. TRANSP. CODE ANN. § 460.205(a) (West Supp. 2011). You explain that the chair of the Board of DCTA (the "Board") has appointed two standing committees and several ad hoc committees, each consisting of at least three members of the DCTA. Request Letter at 1. Your questions suggest that on occasion, in addition to the committee members, additional members of the Board attend committee meetings, possibly resulting in a quorum of the Board at a committee meeting. *Id.* at 2. You therefore ask whether such circumstances constitute meetings of the Board and, if so, how the Act's notice requirements may apply.

In answering your questions, we first note that analyzing whether conduct is a meeting under the Act will sometimes involve questions of fact that we cannot definitively resolve through the opinion process. *See Bexar Medina Atascosa Water Dist. v. Bexar Medina Atascosa Landowners' Ass'n*, 2 S.W.3d 459, 461 n.2 (Tex. App.—San Antonio 1999, pet. denied) (noting that whether any specific behavior violates the Act is a question of fact); Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1 (noting that questions of fact are not resolved in the opinion process). However, we can provide general legal advice as to when the events you describe may constitute meetings under the Act and which entities may be required to give notice of those meetings.

---

[1]Letter from Honorable Burt R. Solomons, Chair, House Comm. on Redistricting, to Honorable Greg Abbott, Tex. Att'y Gen. (Feb. 27, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

The Act broadly defines "meeting" in two ways:

> (A)   a deliberation between a quorum of a governmental body . . . during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action; or
>
> (B)   except as otherwise provided by this subdivision, a gathering:
>
> > (i)    that is conducted by the governmental body or for which the governmental body is responsible;
> >
> > (ii)    at which a quorum of members of the governmental body is present;
> >
> > (iii)   that has been called by the governmental body; and
> >
> > (iv)   at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.

TEX. GOV'T CODE ANN. § 551.001(4) (West Supp. 2011). "A governmental body shall give written notice of the date, hour, place, and subject of each meeting held by the governmental body." *Id.* § 551.041 (West 2004).

Your first two questions concern whether the DCTA committee meetings are considered meetings of the Board "if, in addition to the committee members, a quorum of the DCTA Board attends the committee meeting." Request Letter at 2. Under this scenario, a quorum of the governmental body is present, and deliberation about public business or public policy of the governmental body is likely to occur. Thus, the committee meetings you describe generally qualify as meetings under the Act. TEX. GOV'T CODE ANN. § 551.001(4)(A) (West Supp. 2011). Addressing a similar question, a prior opinion of this office concluded that when a committee meeting of a governmental body is attended by non-committee members, bringing the number of governmental body members in attendance to a quorum, that situation constitutes a meeting of the governmental body under the Act. Tex. Att'y Gen. Op. No. JC-0313 (2000) at 3–4. That opinion noted that non-committee members of the governing body that attend a committee meeting "do not have to participate in the deliberation for [the Act] to apply. Their mere presence, which results in a quorum, is sufficient to bring the meeting within [the Act] as long as any voting member of the committee participates in a verbal exchange about public business or policy over which the Board has supervision or control." *Id.* at 3. Thus, if a quorum of the DCTA Board attends a committee

meeting and deliberation occurs about public business or public policy over which the DCTA Board has supervision or control, the committee meeting will constitute a meeting of the DCTA Board under the Act.

Assuming an affirmative answer to your first two questions, your third question asks whether a committee meeting attended by a quorum of the Board should "require an agenda posting as a DCTA Board meeting rather than as a meeting of the specific DCTA committee?" Request Letter at 2. The Act requires a governmental body to "give written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE ANN. § 551.041 (West 2004). Because a committee meeting attended by a quorum of the Board could constitute a meeting of the Board itself, the Act requires that notice be posted informing the public that the Board is meeting.[2]

Your fourth question asks whether "non-committee members of the DCTA Board [may] attend a DCTA committee meeting when the attendance of the [non-committee members] brings the total count of Board members present to five (5) or more?" Request Letter at 2. Nothing in the Act limits the number of members that can serve on a committee or attend meetings. The Act requires only that the governmental body post notice if a quorum of members attend a meeting and deliberation occurs about public business or public policy over which the governmental body has supervision or control.

Your final question asks whether a notice posted for a DCTA committee meeting that indicates "a quorum of the Board 'may' attend" complies with the notice requirements of the Act for the Board. Request Letter at 2. Whether a given notice complies with the Act will require a factual inquiry into the nature of the meeting, which this office cannot perform. Tex. Att'y Gen. Op. No. JC-0057 (1999) at 4 (noting that "we cannot advise you in an attorney general opinion whether or not the notice item in question complied with the Act"). However, we can generally advise that as long as a notice identifies the governmental body, date, hour, place, and subject of a meeting, it will comply with the content requirements of the Act. TEX. GOV'T CODE ANN. § 551.041 (West 2004). The purpose of the Act is to ensure that "the public has the opportunity to be informed concerning the transactions of public business." *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990). A committee meeting notice that informs the public of the possibility that a quorum of the Board may attend and complies with the additional requirements of the Act provides the public with all the information necessary to ensure governmental decision-making is open to the public. Thus, a court would likely conclude that a public notice that announces a committee meeting and indicates a quorum of the governmental body may attend is sufficient to notify the public of the governmental body's meeting under the Act.

---

[2]Whether a committee of less than a quorum of a governmental body must post notice for its meetings will depend on a number of factual issues, and we therefore cannot answer the second part of your question about whether the Act requires notice that the committee is meeting. Generally, meetings of less than a quorum of a governmental body are not subject to the Act. Tex. Att'y Gen. Op. No. JC-0407 (2001) at 9. However, the Act may apply to committee meetings of less than a quorum if the committee supervises or controls business of the governmental body or makes recommendations that are merely rubber-stamped by the governmental body. *Id.*

# S U M M A R Y

Pursuant to the Legislature's definition of "meeting" in Government Code section 551.001(4), if a quorum of the governmental body attends a committee meeting at which deliberation takes place regarding public business or public policy over which the governmental body has supervision or control, the committee meeting will constitute a meeting of the governmental body under the Open Meetings Act. In this circumstance, the Act requires that a public notice be posted announcing a meeting of the governmental body. A court would likely conclude that a notice posted for a committee meeting that indicates a quorum of the governmental body may attend is sufficient to notify the public of such a meeting, as long as the other requirements of the Act are satisfied.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee