NO. 07-00-0556-CR


NO. 07-00-0557-CR


NO. 07-00-0558-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 4, 2001



______________________________




VINCENT DWIGHT MCCRAY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64th DISTRICT COURT OF SWISHER COUNTY;



NOS. B3255-99-07CR, B3256-99-07-CR, B3257-99-07CR;


 HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In these three companion cases, after a plea of nolo contendere and in pursuance
of a plea bargain, in cause number 07-00-0558-CR, appellant was assessed a punishment
of three years confinement in the Institutional Division of the Department of Criminal
Justice. As an additional part of the plea bargain, the charges in our cause numbers 07-00-0556-CR and 07-00-0557-CR were considered in the assessment of the sentence in
cause number 07-00-0558-CR, and the prosecutions in those two cases were dismissed. 
Even so, appellant has appealed all three of the cases. Finding no reversible error, we
affirm the trial court's judgment in each case.

 In a joint brief, applicable to each case, appointed counsel has certified that after
diligently searching the record, he is convinced there is no reversible error and these
appeals are without merit. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969).

 With his brief, counsel has filed a motion to withdraw and attached a copy of a letter
to appellant informing him of his request to withdraw and of appellant's right to file briefs
in his own behalf. Upon receipt of counsel's brief and motion, the clerk of this court
notified appellant of his right to respond to the brief and motion, if he desired to do so, and
that he must file such a response or brief not later than June 15, 2001. To date, appellant
has not filed a response, a pro se brief, or a request for extension of time within which to
file a pro se brief.

 In considering requests to withdraw such as this, we face two interrelated tasks. 
We must first satisfy ourselves that the attorney has provided the client with a diligent and
thorough search of the record for any arguable claim that might support the client's appeal. 
Then, we must determine if counsel has correctly concluded the appeal is frivolous. See
McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d
440 (1988), and High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 In his brief, counsel presents one point that might arguably form a basis for appeal;
namely, whether there is legally and factually sufficient evidence of the element of scienter
in the alleged delivery of the controlled substance that gave rise to the prosecution in 07-00-0558-CR. However, in the course of his discussion, counsel points out that the record
shows appellant acknowledged that he understood the charges against him, the range of
punishment applicable to each offense charged, that no one had forced him to enter his
pleas to the offenses and violations charged, and that he understood the plea bargain
when it was gone over with him by the district attorney. Appellant also averred that he was
entering his pleas because he was guilty of the violations and for no other reason. 

 Appellant additionally testified he understood that because of his stipulations of
evidence, the court could find him guilty based solely upon his plea of nolo contendere and
the stipulations of evidence he made. He admitted he knew he had a right to be tried by
a jury and that by signing a waiver of jury trial he was giving up that right. He also
admitted that he understood that if the trial court accepted the plea bargain and set his
punishment at anything equal to or less than the plea bargain agreement, he could not
appeal the case except that he might appeal rulings on pretrial motions if he had filed any
such motions. (1) Appellant's trial attorney testified that, in his opinion, appellant was
competent to stand trial.

 The standards by which we review sufficiency challenges are by now so well
established that it is not necessary to recite them in detail. Suffice it to say that the correct
standard for our review of legal sufficiency challenges is that set out in Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), namely, "whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt." Id. at 319. The
standard by which factual sufficiency challenges are measured is that explicated in Clewis
v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996). That is, after viewing all the evidence
without the prism of in the light most favorable to the prosecution, the verdict of the
factfinder is so against the overwhelming weight of the evidence as to be clearly wrong
and unjust. Id. at 129.

 Our examination of the record convinces us that the evidence, coupled with
appellant's plea, is amply sufficient to sustain the trial court's guilt finding. That
examination also establishes that appellant's attorney is entitled to withdraw, and his
motion to do so is granted. Accordingly, appellant's issue is overruled and the judgments
of the trial court are affirmed. 

 John T. Boyd

 Chief Justice

Do not publish.
1. No such pretrial motions appear in the record before us.



="font-family: Arial"> Based on the record before this court, we cannot say that the trial court abused its
discretion in denying Castle's motion for new trial (3) or finding that Castle's appeal was
frivolous. Simon, 739 S.W.2d at 795 (Tex. 1987); De La Vega, 974 S.W.2d at 154. Accordingly, Castle's first issue is overruled.

Motion to Dismiss


 By her second issue, Castle contends that the Department's filing of the August 24,
2005 petition to terminate her parental rights, after having previously non-suited a
termination action filed in 2004, violated the legislative intent of the 2005 amendment of
Family Code § 263.401 and, therefore, the case must be dismissed. (4) Under Castle's
theory, the trial court committed reversible error when it denied her motion to dismiss. 

 In essence, Castle contends that, because the dismissal of the prior suit was
mandated by Family Code § 263.401, the trial court had no jurisdiction to hear the 2005
suit. A challenge to the jurisdiction, based upon the pleadings, is reviewed de novo. State
Dep't of Highways and Public Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2001). 
When considering a jurisdictional claim, the court may only consider the plaintiff's
pleadings and the evidence pertinent to the jurisdictional inquiry. County of Cameron v.
Brown, 80 S.W.3d 549, 555 (Tex. 2002). When considering a trial court's order on a plea
to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's
intent. Id. 

 

 Castle posits that the 2005 amendment to Family Code § 263.401 dictates that the
Department may not non-suit its 2004 petition and, subsequently, file a new petition
seeking temporary managing convservatorship and termination of her parental rights. She
contends that the new amendment was intended to overrule this court's opinion in In re
L.J.S.. See In re L.J.S., 96 S.W.3d 692 (Tex.App.-Amarillo 2003, no pet.). Castle makes
a blanket assertion that to allow repeated filings to convenience the Department flies in the
face of the legislature and renders Family Code § 263.401 meaningless.

 However, the plain language of Family Code § 263.401, as amended, has no effect
on the Department's right to re-file suit after non-suit. Further, our opinion in In re L.J.S.
noted that, under the pre-amendment version of Family Code § 263.401, authority existed
to allow the Department to reinitiate previously filed proceedings so long as new facts were
alleged justifying the relief requested, even if the relief requested was the same in both
suits. In re L.J.S., 96 S.W.3d at 694. (5) We must presume that, since the 2005 amendment
did not specifically address the Department's right to re-file suit after non-suit, the
legislature did not intend to change the existing law articulated in In re L.J.S. See Acer v.
Texas Water Comm'n, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have
been enacted by the legislature with complete knowledge of the existing law and with
reference to it."). As such, we conclude that the Department may reinitiate a previously
dismissed suit affecting the parent-child relationship provided that the new suit alleges new
facts justifying the relief requested. 

 Castle asserts that the Department failed to identify new facts to support its re-filed
August 24, 2005 suit and, as such, this suit was simply a continuation of the 2004 suit. 
However, Castle has neither presented argument nor authority in support of her assertion. 
The Department contends that its August 24, 2005 petition alleged new facts to support
suit. Castle presents no argument that these allegations were not truly new or that they
were insufficient to independently warrant the relief requested by the Department. 
Therefore, we conclude that the Department's pleadings and that portion of the record
necessary to determine the jurisdiction of the court support the trial court's exercise of its
jurisdiction. County of Cameron, 80 S.W.3d at 555. Therefore, Castle's second issue is
overruled.

Due Process


 By her third issue, Castle contends that her substantive due process rights were
violated when the Department non-suited the 2004 petition and re-filed a petition to
terminate her parental rights. To support this position, Castle cites the court to the clerk's
record. A review of that record reveals that the numerous citations to the continuing
scheme of the Department are citations to Castle's motion to dismiss. Nowhere in the
record are the historical documents necessary to prove the allegation, such as previous
petitions. 

 The Department posits that Castle's contention should not be considered because
she has failed to preserve the record. However, this position is without any reference to
how or under what statute Castle failed to preserve the appellate point. The Department
contends that Family Code § 263.405 (6) required Castle to file a statement of points to
preserve an issue for appeal. While the cited section speaks in terms of preservation, the
balance of case law has held filing a statement of points is neither jurisdictional nor an
additional requirement to preserve error. See In re S.P., 168 S.W.3d 197, 201
(Tex.App.-Dallas 2005, no pet. h.); In re W.J.H., 111 S.W.3d 707, 712 (Tex.App.-Fort
Worth 2003, pet. denied). 

 Whereas Castle's failure to include this issue in a timely filed statement of points
does not preclude this court from entertaining the contentions of Castle regarding due
process, both the United States and Texas Supreme Courts have consistently held that
even a claim of constitutional error may be waived by a party's failure to preserve the issue. 
Webb v. Webb, 451 U.S. 493, 495, 101 S.Ct. 1889, 68 L.Ed.2d 392 (1981); In re L.M.I.,
119 S.W.3d 707, 710-11 (Tex. 2003) (referencing Texas Rule of Appellate Procedure
33.1). 

 Within this framework, a review of the record reveals that Castle never alleged,
either in the motion to dismiss, the motion for new trial or during the actual trial, that the
actions of the Department violated her substantive due process rights under either the
United States or Texas constitutions. Castle's failure to advise the trial court of the
perceived error is fatal to her claim. Id. For these reasons, Castle's third issue is
overruled.

Affidavit of Relinquishment


 Castle's fourth issue contends that the trial court erred when it found that the
affidavit of relinquishment was executed voluntarily. Having determined, in connection with
Castle's first issue, that the affidavit was not executed as a result of duress, we overrule
Castle's fourth issue. 

Conclusion


 Inasmuch as all of Castle's issues are overruled, we affirm the judgment of the trial
court terminating Castle's parental rights to R.M. and J.M.


 Mackey K. Hancock

 Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 
2. Future citations to the Texas Family Code will be by "Family Code § ___."
3. The trial court further found that Castle had produced no evidence at the motion
for new trial hearing that was newly discovered and on that basis alone relief should be
denied.
4. The legislature amended Family Code § 263.401 to limit the 180 day extension of
the dismissal deadline for a suit affecting the parent-child relationship when the child is
under the temporary conservatorship of the Department to cases in which the trial court
finds "extraordinary circumstances" necessitating that the child remain in the temporary
conservatorship of the Department. Amended by Acts 2005, 79th Leg., R.S., ch. 268, §
1.40, 2005 Tex. Gen. Laws 636.
5. Further, had the legislature intended to prohibit or limit the Department's refiling
of a case after non-suit or even involuntary dismissal, it could have done so. See In re
L.J.S., 96 S.W.3d at 695-96 (Johnson, C.J., concurring).
6. Family Code § 263.405(b) imposes the requirement that a party intending to
appeal file a statement of points within 15 days of the signing of the final order being
appealed.