ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 21, 2012

The Honorable Allan Ritter
Chair, Committee on Natural Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0935

Re: Authority of a county, under section 35.019, Water Code, to enact water availability requirements applicable to that part of a county outside of a priority groundwater management area, and related questions (RQ-1003-GA)

Dear Representative Ritter:

You ask five questions related to the authority of a county commissioners court to enact water regulations in counties that have areas designated as priority groundwater management areas.[1] As background, we note that chapter 35 of the Water Code requires the Texas Commission on Environmental Quality ("TCEQ") and the Water Development Board to designate priority groundwater management areas ("PGMAs") across all major and minor aquifers of the state. TEX. WATER CODE ANN. § 35.007(a) (West Supp. 2011).[2] A PGMA is defined as "an area designated and delineated by [TCEQ] as an area that is experiencing or is expected to experience critical groundwater problems." *Id.* § 35.002(12) (West 2008). Once it designates an area as a PGMA, TCEQ must recommend that the area be covered by a groundwater conservation district ("GCD") and take steps to help effectuate the creation of a GCD or the addition to an existing GCD. *Id.* §§ 35.008(g), .012(b) (West Supp. 2011). Under chapter 35, once a PGMA has been designated by TCEQ, the commissioners court of a county in a PGMA is authorized to adopt water availability requirements. *Id.* § 35.019(a) (West 2008). Specifically, the statute allows the commissioners court to "require a person seeking approval of a plat required by Subchapter A, Chapter 232, Local Government Code, to show" compliance with the water availability requirements and to show "that an adequate supply of water of sufficient quantity and quality is available to supply the number of lots proposed for the platted area." *Id.* § 35.019(b)(1) (footnote omitted). Your questions relate to the county commissioners court's authority to adopt water availability requirements.

---

[1]Letter from Honorable Allan Ritter, Chair, House Comm. on Natural Resources, to Honorable Greg Abbott, Tex. Att'y Gen. at 1, 4 (Oct. 11, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Although "Commission" is defined as the "Texas Natural Resources Conservation Commission" in Water Code section 35.002, TNRCC has since been renamed the Texas Commission on Environmental Quality ("TCEQ").

You first ask "[w]hether a county commissioners court may enact a groundwater management ordinance under Texas Water Code, Section 35.019 or Texas Local Government Code, Section 232.0032 applicable to the whole county." Request Letter at 4. At the outset, we note that while you use the phrase "groundwater management ordinance," no such language is found within section 35.019 of the Water Code. TEX. WATER CODE ANN. § 35.019(a) (West 2008). Instead, that provision gives counties only limited authority to adopt "water availability requirements" governing new applications for subdivision platting under Local Government Code chapter 232, subchapter A.[3] *Id.* § 35.019(a)–(b). Using the water availability requirements, a commissioners court may then require a person seeking approval of a plat to prove "that an adequate supply of water of sufficient quantity and quality is available to supply the number of lots proposed for the platted area." *Id.* § 35.019(b)(1)(B). Significantly, section 35.019 does not give a county general management authority over groundwater. Thus, we utilize the Legislature's narrower language of "water availability requirements" in answering your request.[4]

You indicate that some entire counties fall within a PGMA, while other counties have only a portion of their territory included in a PGMA. Request Letter at 2. For example, "the southwestern portion of Travis County is included in the Hill Country PGMA," while the remainder of the county is not included in any PGMA. *Id.* You therefore ask whether a county is authorized to extend regulations that are promulgated pursuant to its section 35.019 authority "to areas within the county that have not been designated as a PGMA created under Texas Water Code, Chapter 35." *Id.* at 4.

Subsection 35.019(a) states:

> The commissioners court of a county in a priority groundwater management area may adopt water availability requirements in an area where platting is required if the court determines that the requirements are necessary to prevent current or projected water use in the county from exceeding the safe sustainable yield of the county's water supply.

TEX. WATER CODE ANN. § 35.019(a) (West 2008). When construing a statute, we look to the plain and common meaning of a statute to determine the Legislature's intent. *Harris Cnty. Hosp. Dist.*

---

[3]Chapter 232 of the Local Government Code, titled "County Regulation of Subdivisions," outlines required county platting procedures. *See* TEX. LOC. GOV'T CODE ANN. §§ 232.001–.107 (West 2005 & Supp. 2011). Under those procedures, in certain circumstances an "owner of a tract of land located outside the limits of a municipality must have a plat of the subdivision prepared if the owner divides the tract into two or more parts." *Id.* § 232.001(a) (West 2005). The commissioners court of the county where the land is located must approve the plat if it meets the requirements of chapter 232. *Id.* § 232.002.

[4]Furthermore, you ask only about a county's general authority under this provision, and nothing in this opinion should be construed as addressing or approving any specific county regulation. To do so would require a factual inquiry into the nature and application of a county's water availability requirements, which this office cannot perform.

*v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). Within subsection 35.019(a), the phrase "in a priority groundwater management area" modifies "commissioners court of a county." Thus, this statutory provision serves to limit which counties may adopt regulations under that section. TEX. WATER CODE ANN. § 35.019(a) (West 2008). The later phrase "in an area where platting is required" modifies "water availability requirements" and therefore limits the territory where the counties can impose regulations pursuant to section 35.019(a). *Id.* While the plain language of the statute limits counties' authority to areas where platting is required, the Legislature did not limit the application of water availability requirements to the boundaries of the PGMA. Furthermore, the statute provides that the purpose of the water availability requirements is to ensure that the water supply "in the county" is sustainable. *Id.* Thus, based on the plain language of the statute, the Legislature authorized counties to apply section 35.019 water availability requirements to areas that are both within and beyond the boundaries of the PGMA, as long as platting is required in those areas of the county. The statute does not authorize counties to impose water availability requirements in areas where platting is not required.

Next, you ask "[w]hether a county commissioners court may . . . enact water availability requirements with respect to surface water, in addition to groundwater." Request Letter at 4. When construing a statute, we look to the statute as a whole and analyze it in its context, not in isolation. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). While section 35.019 itself generally authorizes counties to promulgate "water availability requirements," the Legislature did not specify whether those requirements can be applied to both surface and groundwater. However, section 35.019 falls within subtitle E of the Water Code, which is titled "Groundwater Management." TEX. WATER CODE ANN. § 35.019(a) (West 2008). Further, the statute provides that counties can apply section 35.019 requirements only in "priority *groundwater* management areas." The purpose of PGMAs is to "provide for the conservation, preservation, protection, recharging, and prevention of waste of the *groundwater*." *Id.* §§ 35.019(a), .001 (emphasis added). In contrast, the regulation of surface water is governed by a separate title of the Water Code, wherein section 35.003 explains that "[t]he laws and administrative rules relating to the use of surface water do not apply to groundwater."[5] *Id.* § 35.003. Given the statutory context of section 35.019, we conclude that a commissioners court is not authorized to enact water availability requirements governing surface water.

In your third and fourth questions, you ask whether a county commissioners court may enact water availability requirements under section 35.019 "after TCEQ has initiated a process to create a groundwater district pursuant to Texas Water Code, Sections 35.008–35.009," and whether regulations adopted by a county commissioners court under section 35.019 continue to be valid "if a groundwater district is created to cover the same territory" over which county regulations would apply. Request Letter at 4. Section 35.019 grants a county commissioners court limited authority

---

[5]Chapter 11 of the Water Code places the regulation of surface water in the hands of TCEQ. TEX. WATER CODE ANN. §§ 11.021(a) (West 2008) (explaining that the "water of ordinary flow, underflow, and tides of every flowing river, natural stream, and lake, and of every bay or arm of the Gulf of Mexico, and the storm water, floodwater, and rainwater of every river, natural stream, canyon, ravine, depression, and watershed in the state is the property of the state"); 11.121 (requiring a person to obtain a permit from TCEQ prior to appropriating any state water).

to adopt "water availability requirements" regulating new applications for subdivision platting in a designated PGMA after first determining that doing so is "necessary to prevent current or projected water use in the county from exceeding the safe sustainable yield of the county's water supply." TEX. WATER CODE ANN. § 35.019(a) (West 2008) . However, when it enacted section 35.019 the Legislature did not prohibit the county from exercising its limited authority in instances where a groundwater district has been or is being created. *Id.* § 35.019.

You note that Water Code section 36.0015 "provides that groundwater conservation districts are the preferred method of groundwater management rather than county regulation of the same." Request Letter at 3. Again, we emphasize that section 35.019 does not give a county plenary groundwater management authority but instead provides only limited authority to adopt platting requirements in certain instances. While section 36.0015 provides that groundwater conservation districts "are the state's preferred method of groundwater management," the Legislature did not address county platting requirements in that section. TEX. WATER CODE ANN. § 36.0015 (West 2008). Thus, while the Legislature stated a general preference for groundwater district regulation, that general statement does not prohibit county platting regulations that were expressly authorized by the Legislature elsewhere in the Water Code. Furthermore, no language in chapter 35 of the Water Code indicates that the Legislature restricted a county commissioners court from continuing to impose its regulation after a groundwater district is created. *See id.* §§ 35.001–.020 (West 2008 & Supp. 2011). If the Legislature intended such a result, it could have amended the statute to limit the commissioners court's authority accordingly.

In your final question, you ask whether the newly-amended Water Code, section 36.002, limits or revokes some of the county's regulatory authority under section 35.019. Request Letter at 5. Section 36.002 of the Water Code states, in relevant part:

> (a) The legislature recognizes that a landowner owns the groundwater below the surface of the landowner's land as real property.
>
> (b) The groundwater ownership and rights described by this section:
>
> (1) entitle the landowner, including a landowner's lessees, heirs, or assigns, to drill for and produce the groundwater below the surface of real property, subject to Subsection (d), without causing waste or malicious drainage of other property or negligently causing subsidence, but does not entitle a landowner, including a landowner's lessees, heirs, or assigns, to the right to capture a specific amount of groundwater below the surface of that landowner's land; and
>
> . . . .
>
> (d) This section does not:

(1)     prohibit a district from limiting or prohibiting the drilling of a well by a landowner for failure or inability to comply with minimum well spacing or tract size requirements adopted by the district;

(2)     affect the ability of a district to regulate groundwater production as authorized under Section 36.113, 36.116, or 36.122 or otherwise under this chapter or a special law governing a district; or

(3)     require that a rule adopted by a district allocate to each landowner a proportionate share of available groundwater for production from the aquifer based on the number of acres owned by the landowner.

TEX. WATER CODE ANN. § 36.002(a)–(b), (d) (West Supp. 2011). This section was amended during the past legislative session and became effective September 1, 2011.[6] You suggest that because section 36.002 does not expressly recognize a commissioners court's authority to create water availability requirements, the newly-enacted statute may serve to preclude counties from exercising authority granted under section 35.019. Request Letter at 3–4.

Generally, we are required to construe statutes so as to harmonize them with other laws, if possible. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010). The Texas Supreme Court has discouraged statutory repeals by implication. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). Under the court's *Aker* decision, a statute is presumed to have been enacted by the Legislature with complete knowledge of the existing law and with reference to it. *Id.* While section 36.002 does not expressly affirm the authority granted to counties under section 35.019, nothing in the plain language of the statute generally prohibits a county commissioners court from adopting water availability requirements. TEX. WATER CODE ANN. § 36.002 (West Supp. 2011). Because the Legislature elected not to limit counties' regulatory authority previously granted by section 35.019, a county in a PGMA is not generally prohibited by section 36.002 from exercising its limited authority to adopt water availability requirements for purposes of platting. However, in adopting water availability requirements, a county must account for the rights granted by section 36.002, and we recognize the possibility that a county's water availability requirements could infringe on those rights. Whether a specific county's water availability requirements comply with section 36.002 or other provisions of the Water Code will require a fact intensive review appropriate for a court, not this office. *See Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (noting that a commissioners court order is subject to judicial review by a district court for abuse of discretion).

---

[6]Act of May 27, 2011, 82d Leg., R.S., ch. 1207, § 1, 2011 Tex. Gen. Laws 3224, 3224–25 (codified at TEX. WATER CODE ANN. § 36.002).

## S U M M A R Y

Water Code section 35.019 allows counties in a priority groundwater management area to adopt water availability requirements governing new applications for subdivision platting under Local Government Code chapter 232, subchapter A. Pursuant to that section, such requirements may be applied to any area in an authorized county where platting is required. Section 35.019 does not limit the application of the water availability requirements to the boundaries of the priority groundwater management area.

Under section 35.019, a commissioners court is not authorized to enact water availability requirements with regard to surface water.

The Legislature did not limit counties' section 35.019 authority to instances where a groundwater district has been or is in the process of being created. Water availability requirements lawfully adopted under section 35.019 apply regardless of the existence of a groundwater conservation district.

A county in a priority groundwater management area that determines that water availability requirements are necessary to prevent current or projected water use in the county from exceeding the safe sustainable yield of the county's water supply may adopt water availability requirements without violating Water Code section 36.002. Whether a specific county's water availability requirements comply with section 36.002 or other Water Code provisions would require a fact intensive review that cannot be answered in an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee