ACCEPTED
15-24-00127-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/6/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00127-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/4/2025 4:26:01 AM
CHRISTOPHER A. PRINE
~~Clerk~~

In the Court of Appeals
for the Fifteenth District of Texas

**Synergy Global Outsourcing, LLC,**

Appellant,

**v.**

**Hinduja Global Solutions, Inc. and HGS Healthcare, LLC,**

Appellees.

On Appeal from the First Business Court Division,
Dallas County, Texas, No. 24-BC01B-0007

**Appellant's Response to
Appellees' Motion to Dismiss**

Michael K. Hurst
  mhurst@lynnllp.com
  State Bar No. 10316310
David S. Coale
  dcoale@lynnllp.com
  State Bar No. 00787255
Greg Brassfield
  gbrassfield@lynnllp.com
  State Bar No. 24079900

**Lynn Pinker Hurst &
  Schwegmann, LLP**
2100 Ross Avenue
Suite 2700
Dallas, TX 75201
Telephone - (214) 981-3800
Facsimile - (214) 981-3839

*Attorneys for Appellant*

## Table of Contents

Table of Contents ................................................................ 2

Introduction ................................................................... 3

Argument ....................................................................... 3

    1.    Federal appellate review of remand orders is not relevant to this Court's jurisdiction over the order in this case. ............... 4

    2.    Statutes and rules about venue transfers are not relevant to this Court's jurisdiction over the order in this case. .................... 5

    3.    The remand order is appealable because it is a final resolution of business court jurisdiction. .................................... 6

    4.    The issue of appellate jurisdiction is moot, in light of Appellants' filing of a mandamus petition about the remand order. ............................................................... 7

Certificate of Compliance ........................................................ 9

Certificate of Service ............................................................ 9

## Introduction

This case is an appeal from an order that remanded a case from business court to district court. This kind of remand order was unknown to Texas law before September 2024. Appellees rely entirely on authority about other forum-related orders, governed by their own specialized statutes that determine whether those orders are appealable.

This appeal brings none of that baggage. The remand order ended the proceeding before the business court with a finding that the business court lacked jurisdiction over it. It was a final resolution of that jurisdiction issue as to all parties and claims. As such, the order is appealable.

Also, with this response, Appellant has filed a petition for a writ of mandamus that should eliminate any doubt that this Court has the jurisdiction to review this remand order.

Appellees' motion should be denied.

## Argument

For three related reasons, the motion to dismiss lacks merit: (1) federal remand orders are irrelevant to this issue of Texas procedure; (1) statutes and rules about venue transfers do not apply to the wholly new topic of a business-court remand order; (3) while no precedent addresses the issue, general principles show that a business-court remand order is final for purposes of appellate review; and (3) this entire issue is moot because Appellant has filed a mandamus petition that seeks review of the remand

order, and between that petition and this direct appeal, all conceivable objections to appellate jurisdiction have been removed.

**1.  Federal appellate review of remand orders is not relevant to this Court's jurisdiction over the order in this case.**

If a federal district court remands on a ground listed in 28 U.S.C. § 1447(c), then by statute, that remand order is not reviewable "by appeal or otherwise."[1] Texas has no similar statute that limits appellate review of a business-court remand order. Therefore, this body of federal law is unhelpful in determining this Court's jurisdiction over such an order.

Beyond the scope of that statutory bar, the U.S. Supreme Court and U.S. Court of Appeals for the Fifth Circuit readily exercise appellate review of remand orders—by mandamus, in the case of a ground not listed in section 1447(c),[2] and by direct appeal, if the remand resulted from the exercise of abstention.[3] To the extent federal law has anything to offer about this Court's jurisdiction, it is the general principle that remand orders are reviewable when the statutory bar does not apply.

---

[1] *See* 28 U.S.C.A. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

[2] *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 346 (1976).

[3] *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996); *Firefighters' Ret. Sys. v. Citco Group Ltd.,* 796 F.3d 520 (5th Cir. 2015).

**2.** **Statutes and rules about venue transfers are not relevant to this Court's jurisdiction over the order in this case.**

Texas has an intricate set of statutes[4] and court rules[5] that address the topic of venue transfers—the transfer of an action among courts that have jurisdiction over the subject matter. Those include statutory provisions and a procedural rule about venue transfers involving the business courts.[6]

The statute creating the business court also introduces a wholly new concept into Texas law—the idea of a removal to, and a remand from, the business courts and traditional district/county courts.[7] Unlike venue transfers, which involve the movement of a case among sister courts that all have subject-matter jurisdiction, removal and remand are defined by the business court's exclusive jurisdiction.

That distinction is shown in several places in Government Code Chapter 25A. The right of removal accrues to a party in an action "within the jurisdiction of the business court …."[8] The corresponding power to remand is also defined in terms of jurisdiction: "If the business court does not have jurisdiction of the action, the business court shall remand the

---

[4] *See* Tex. Civ. Prac. & Rem. Code § 15.001 *et seq.*
[5] *See* Tex. R. Civ. P. 86 *et seq.*
[6] Tex. Gov't Code § 25A.006(b)(1), (c)(1), (k); Tex. R. Civ. P. 356 ("Action Transferred to the Business Court").
[7] Tex. Gov't Code § 25A.006(d); Tex. R. Civ. P. 355 ("Action Removed to Business Court").
[8] Tex. Gov't Code § 25A.006((d), first sentence.

action to the court in which it was originally filed."[9] Like any other subject-matter jurisdiction concept, the statute expressly exempts removal from Texas's "due order of pleading" rule[10]—specifically including venue: "Removal of a case does not waive a defect in venue …."[11]

In this regard, Appellees make much of Appellant's selection, in preparing the Docketing Statement for this matter, of "interlocutory order" from a drop-down menu rather than "dismissal" (the option immediately above it.) That was a mistake, and Appellant has corrected it in an amended docketing statement.

The Legislature could have treated the interaction between business courts and traditional district/county courts by adding yet another cog to the machinery of the Texas venue laws. It didn't, choosing instead to define that interaction as a question of jurisdiction. As a result, statutes about the appealability of venue-transfer orders simply don't apply.

3. **The remand order is appealable because it is a final resolution of business court jurisdiction.**

What does apply, then? The longstanding rule that "if the court grants [a] plea to the jurisdiction …, the plaintiff may take an appeal once that judgment becomes final."[12] The remand order, like a case-dispositive plea to

---

[9] Tex. Gov't Code § 25A.006((d), second sentence.
[10] Tex. Gov't Code § 25A.006(i).
[11] Tex. Gov't Code § 25A.006(j).
[12] *E.g.*, *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

the jurisdiction, ruled that all parties and claims in this dispute are outside of business-court jurisdiction.

The Legislature is conclusively presumed to know the consequences of its actions.[13] When the Legislature chose to treat the interaction between business courts and traditional district/county courts as a jurisdictional matter, it necessarily consented to the application of that general rule about appealability. Had the Legislature meant to do otherwise, it would have expressly limited this Court's appellate jurisdiction in the same way that it has done for venue rulings. It did not do so.

**4. The issue of appellate jurisdiction is moot, in light of Appellants' filing of a mandamus petition about the remand order.**

In any event, all of Appellees' arguments for dismissal are reasons why a direct appeal is not available. The Texas Supreme Court has repeatedly reviewed issues about the proper forum for a case via mandamus proceedings.[14] This case is certainly suitable for such review if the Court

---

[13] *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it." (citing *McBride v. Clayton*, 140 Tex. 71, 166 S.W.2d 125, 128 (Tex. Comm'n App. 1942, opinion adopted)).

[14] *See, e.g.*, *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (enforcing a forum selection clause through mandamus to prevent parties from being forced to litigate in a forum other than the one they contractually agreed upon, which could result in significant time and expense that cannot be remedied on appeal); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (recognizing that mandamus relief is appropriate to enforce a contractual jury-trial waiver, as improperly making a party have a jury trial would waste of resources and time that cannot be adequately remedied on appeal).

concludes that direct appeal is improper. In light of this filing, the Court may deny the motion as moot at the present time, and consolidate it for resolution along with the appeal and related mandamus proceeding.

## Conclusion

Appellees' Motion to Dismiss should be denied.

Respectfully submitted,

*/s/ David S. Coale*
Michael K. Hurst
  mhurst@lynnllp.com
  State Bar No. 10316310
David S. Coale
  dcoale@lynnllp.com
  State Bar No. 00787255
Greg Brassfield
  gbrassfield@lynnllp.com
  State Bar No. 24079900
**Lynn Pinker Hurst & Schwegmann LLP**
2100 Ross Suite 2700
Dallas, TX 75201
214-292-3601

*Attorneys for Appellant*

## Certificate of Compliance

I certify that this response complies with the typeface requirements of Tex. R. App. P. 9 because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9 because it contains 1,323 words in the relevant sections.

January 3, 2025

*/s/ David Coale*

## Certificate of Service

I certify that on January 3, 2025, a true and correct copy of the foregoing response has been delivered to all counsel of record via this Court's electronic system for filing and service.

*/s/ David Coale*

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Coale on behalf of David Coale
Bar No. 787255
dcoale@lynnllp.com
Envelope ID: 95856245
Filing Code Description: Response
Filing Description: Appellant's Response to Appellees' Motion to Dismiss
Status as of 1/6/2025 7:23 AM CST

Associated Case Party: Synergy Global Outsourcing, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David S.Coale | | dcoale@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Leo Park | 24122983 | LPark@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Gina Flores | | gflores@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Daniela VeraHolmes | | dholmes@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 1/4/2025 4:26:01 AM | SENT |

Associated Case Party: Hinduja Global Solutions, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 1/4/2025 4:26:01 AM | SENT |
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 1/4/2025 4:26:01 AM | SENT |

Associated Case Party: HGS Healthcare, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 1/4/2025 4:26:01 AM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 1/4/2025 4:26:01 AM | SENT |